1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ARTHUR TORLUCCI,                              No.  2:14-cv-1553 DAD P

12                    Petitioner,

13           v.                                     ORDER

14    MEIHER,

15                    Respondent.

16

17           Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas

18    corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

19           Examination of the in forma pauperis application reveals that petitioner is unable to afford

20    the costs of suit.  Accordingly, the court will grant petitioner's application to proceed in forma

21    pauperis.  See 28 U.S.C. § 1915(a).

22                          **PRELIMINARY SCREENING**

23           Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

24    petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

25    petitioner is not entitled to relief in the district court . . . ."  Rule 4, Rules Governing Section 2254

26    Cases.  See also O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); Gutierrez v. Griggs, 695

27    F.2d 1195, 1198 (9th Cir. 1983).  The Advisory Committee Notes to Rule 8 of the Rules

28    Governing Section 2254 Cases indicate that the court may dismiss a petition for writ of habeas

1  corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal
2  pursuant to a motion by the respondent; a dismissal after the answer and petition are considered;
3  or a dismissal after consideration of the pleadings and an expanded record."

4                                    **BACKGROUND**

5          On July 1, 2014, petitioner commenced this action by filing a petition for writ of habeas
6  corpus.  His petition is difficult to decipher, but it is apparent from the allegations of the petition
7  that petitioner does not seek to challenge his state court conviction and sentence.  Instead,
8  petitioner complains about a prison official's alleged failure to process his recall of sentence
9  paperwork.  According to petitioner, he is medically incapacitated and should be released from
10 confinement pursuant to California Penal Code § 1170.  (Pet. Attach. at 3 & 30.)

11                                    **DISCUSSION**

12         The court will dismiss the pending petition for failure to state a cognizable claim for
13 relief.[1]  As an initial matter, "[t]here is no constitutional or inherent right of a convicted person to
14 be conditionally released before the expiration of a valid sentence."  Greenholtz v. Inmates of
15 Neb. Penal & Corr. Complex, 442 U.S. 1 (1979).  Moreover, it is well established that whether
16 the state has misapplied a state sentencing law does not state a cognizable claim for federal
17 habeas corpus review.  See Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("federal habeas corpus
18 relief does not lie for errors of state law"); Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002)
19 (state law sentencing claims insufficient to merit federal habeas relief); Miller v. Vasquez, 868
20 F.2d 1116, 118–19 (9th Cir. 1989) (whether state erred in application of state sentencing laws
21 does not state a federal constitutional claim).

22         Here, petitioner's claim concerns the alleged failure to recall his sentence and release him
23 based on his medical incapacitation pursuant to California Penal Code § 1170.  Petitioner's claim,
24 however, is governed by state law and does not implicate any federal constitutional concerns.  See
25 Harris v. S.C., No. CV 14-3414-R (MAN), 2014 WL 2611386 at *4 (C.D. Cal. June 11, 2014)
26 (rejecting petitioner's claim that California Department of Corrections and Rehabilitation and

---

27
28     [1]  Petitioner has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C.
       § 636.  (Doc. No. 5)

                                            2

1  state courts misapplied Penal Code § 1170(d) because it "d[id] not implicate any federal

2  constitutional concern rectifiable through a grant of federal habeas relief."); Valles v. Busby, No.

3  CV 14-1360 GAF (JPR), 2014 WL 1614615 at *2-*3 (C.D. Cal. Apr. 21, 2014) (rejecting

4  petitioner's claim that he deserved to be resentenced under Penal Code § 1170 on the grounds that

5  he is medically incapacitated because "California's statutory scheme governing medical-

6  incapacitation release creates no liberty interest in a prisoner seeking such release").  This case is

7  no different than those which resulted in the decisions cited above.

8        Since this court can discern no manner in which petitioner could cure the defects of his

9  allegations, the court will summarily dismiss the pending petition for writ of habeas corpus.

10                                   **OTHER MATTERS**

11       Petitioner has also filed three separate motions.  These motions are also difficult to

12  decipher, but petitioner appears to complain about his conditions of confinement, including his

13  housing assignment, his meal plan, the handling of his incoming and outgoing mail, and his

14  mental health treatment.  Plaintiff is advised that these motions are not appropriate for review in a

15  habeas corpus case.  A civil rights action, not a habeas corpus proceeding, is the proper

16  mechanism for a prisoner seeking to challenge the conditions of his confinement.  42 U.S.C. §

17  1983; Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).  Accordingly, the court will deny

18  petitioner's motions.

19       Finally, Rule 11 of the Federal Rules Governing Section 2254 Cases states that "the

20  district court must issue or deny a certificate of appealability when it enters a final order adverse

21  to the applicant."  A certificate of appealability should be granted for any issue that petitioner can

22  demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different

23  court, or is "'adequate to deserve encouragement to proceed further.'"  Jennings v. Woodford,

24  290 F.3d 1006, 1010 (9th Cir. 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).  For

25  the reasons discussed above, the court finds that petitioner has not made a substantial showing of

26  the denial of a constitutional right.  Accordingly, the court will not issue a certificate of

27  appealability in this action.

28  /////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (Doc. No. 9) is granted.

2. Petitioner's application for a writ of habeas corpus (Doc. No. 1) is dismissed for failure to state a cognizable claim for relief;

3. Petitioner's motions concerning his conditions of confinement (Doc. Nos. 6, 7 & 8) are denied;

4. The court declines to issue a certificate of appealability; and

5. This action is closed.

Dated:  September 10, 2014

DAD:9
torl1553.156

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

4