UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR TORLUCCI, | No. 2:14-cv-1553 DAD P |
| Petitioner, | |
| v. | ORDER |
| MEIHER, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se.[1] On September 10, 2014, this court dismissed petitioner's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 for failure to state a cognizable claim for relief. (Doc. No. 10) The court entered judgment on the same day. (Doc. No. 11) Pending before the court is petitioner's motion to re-open this case pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.

/////
/////
/////
/////
/////

---

[1] Petitioner has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636. (Doc. No. 5)

1

Rule 60(b)(6) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(6).  See also Rule 12, Federal Rules Governing Section 2254 Cases (Federal Rules of Civil Procedure apply to § 2254 proceedings if they are not inconsistent with the habeas corpus statutory provisions or rules).

In his pending Rule 60(b)(6) motion, petitioner explains that he only recently learned that this court had dismissed his habeas action.  Petitioner further contends that on October 3, 2014, he was put on suicide precaution at his institution of confinement.  (Pet'r's Mot. to Re-Open at 1.)

Petitioner's motion fails to show that he is entitled to relief under Rule 60(b)(6).  Rule 60(b) "is remedial in nature and thus must be liberally applied."  Cmty. Dental Servs. v. Tani, 282 F.3d 1154, 1169 (9th Cir. 2002).  In this case, however, petitioner has not explained how or why his placement on suicide precaution nearly a month after this court entered judgment in this case has any bearing on this action.  Nor has petitioner explained why he believes the court erred in its analysis of the claims presented in his petition for federal habeas relief.  Absent a more complete and compelling showing, petitioner is not entitled to relief under Rule 60(b)(6).

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to re-open this case (Doc. No. 13) is denied.

Dated:  March 18, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
torl1553.60b

2